AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 23 MJ 1333 |
| Derek Barr | ) | |
| (year of birth 1986) | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 9, 2023__ in the county of __San Juan__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(l) and (b)(l)(A) & 18 U.S.C. § 2 | Possession with intent to distribute 400 grams and more of fentanyl; aiding and abetting; |
| 21 U.S.C. §§ 841(a)(l) and (b)(l)(B) & 18 U.S.C. § 2 | possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine; aiding and abetting; |
| 21 U.S.C. § 846 | conspiracy; |
| 18 U.S.C. § 922(g)(1) | being a felon in possession of a firearm; |
| 18 U.S.C. § 924(c) | possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lorraine Hardy, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: __8/25/2023__

_____
*Judge's signature*

City and state: __Farmington, New Mexico__          B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br>vs.<br><br>DEREK BARR and NOEL TAYLOR,<br><br>      Defendants. | Case No. _____<br><br>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lorraine Hardy, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur on Indian Country to include, homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately four years. I have received on-the-job training from other experienced agents, detectives, violent crime investigators, Indian Country criminal investigators, and tribal police officers. My investigative training and experience includes, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects, targets and witnesses, writing affidavits for executing search and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witness/defendants, serving subpoenas, collecting and reviewing evidence and analyzing records.

2. The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, Bloomfield Police Department (BPD),

1

Region Two Task Force and/or communicated to me by other law enforcement officers and witnesses.

3. This affidavit is in support of criminal charges against subjects, Derek C. Barr (BARR), year of birth 1989, and Noel Taylor (TAYLOR), year of birth 1986, to include 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) possession with intent to distribute 400 grams and more of fentanyl; 18 U.S.C. § 2, aiding and abetting, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, U.S.C. § 2, aiding and abetting, 21 U.S.C. § 846 conspiracy, 18 U.S.C. § 922(g)(1) being a felon in possession of a firearm, and 18 U.S.C. § 924(c) possession of a firearm in furtherance of a drug trafficking crime, on or about August 9, 2023.

## BACKGROUND

4. BARR has multiple felony convictions in San Juan County District Court of the state of New Mexico, to include Conspiracy to Commit Larceny (Firearm) (4th degree felony), convicted on February 24, 2011, in, case number D-1116-CR-2010-01034; Possession with Intent to Deliver Counterfeit Substance (Schedule I-IV) (4th degree felony), convicted on December 20, 2012, in case D-1116-CR-2012-00743; Attempt to Commit a Felony (Abuse of a Child) (4th degree felony), convicted on October 29, 2015, in case number D-1116-CR-2015-00062.

5. TAYLOR (previously known as Noel Casias) has multiple felony convictions. She was convicted In San Juan County District Court of the state of New Mexico of Attempt to Commit a Felony (Abuse of a Child) (Intentional or Recklessly) (Great Bodily Harm) (2nd degree felony), convicted on June 10, 2015, in case number D-1116-CR-2013-00165. She was convicted in La Plata County District Court of the State of Colorado of Burglary of a Building (Class 3 Felony), convicted on June 9, 2013, in case number 2013CR222.

6.      Fourth degree felonies and second-degree felonies in the state of New Mexico are punishable by potential imprisonment for more than one year. Class three felonies in the state of Colorado are punishable by potential imprisonment for more than one year.

7.      Based on my training and experience, people convicted of felonies are generally notified by the court and the probation department that they are not allowed to possess firearms.

## INVESTIGATION

8.      BARR and TAYLOR are in an intimate relationship and cohabitate in a house located at 115 East Pine Avenue, Bloomfield, New Mexico (hereinafter, "the residence").

9.      BARR has been detained at the San Juan County Adult Detention Center in San Juan County, New Mexico since July 27, 2023.

10.     TAYLOR has been detained at the San Juan County Adult Detention Center in San Juan County, New Mexico since August 24, 2023.

11.     During his detention, BARR has used the San Juan County Adult Detention Center's communication center to video visit, phone call, and tablet message TAYLOR and a friend named Christopher Condrey. These communications were recorded by the Detention Center.

12.     On August 9, 2023, Region Two Task Force Officers obtained the recorded communications between BARR and TAYLOR, and BARR and Condrey.

13.     Region Two Task Force Officers reviewed the recorded communications and determined that TAYLOR and BARR conspired to sell narcotics while BARR has been detained at the San Juan County Adult Detention Center. Specifically, on a July 31, 2023, video visit, TAYLOR asked for BARR's permission to continue his work to keep him "afloat" while he is detained. TAYLOR told BARR that he would retain control of the operation but she would do

what he wanted her to do. On August 6, 2023, TAYLOR asked BARR's permission to sell narcotics to a local known trafficker in Bloomfield. In a tablet message, TAYLOR asked whether to, "print her four bundles of shirts that's 450 now and 200 later." Based on the training and experience of the Region Two Task Force Officers', people who engage in illegal activity will attempt to use slang or code words to disguise their intent. Narcotic traffickers will refer to 1/16-ounce amounts of narcotics as "Teeners" or "T-shirts".

14. On an August 8, 2023, video visit between BARR and Condrey, BARR confirmed that "everything," referring to narcotics, was still at BARR's residence. Condrey expressed disbelief that TAYLOR had not gotten rid of any of it yet, and speculated that he thought TAYLOR would "burn" BARR while he was detained.

15. On an August 8, 2023, video visit between BARR and TAYLOR, TAYLOR confirmed that she opened BARR's safe in the residence, and that everything was exactly how BARR left it prior to being arrested on July 27, 2023. She noted that she saw the "little packs that were already pre-divided." She said she removed the "blue" to look at it. When TAYLOR asked BARR if he wanted her to open the safe so he could see the contents over the video visit, BARR's eyes got very wide and BARR insists to TAYLOR, "no, no," indicating that BARR did not want the contents of the safe recorded over the video visit.

16. Based on Region Two Task Force Officers' observations of the recorded communications obtained from San Juan County Adult Detention Center, they obtained a search warrant for the residence located at 115 East Pine Avenue, Bloomfield, New Mexico. See D-1116-SW-2023-1 (hereinafter, "the search warrant").

17. On August 9, 2023, Region Two Task Force Officers and Bloomfield Police Department Officers executed the search warrant at the residence to look for narcotics and

4

evidence relating to its possession and distribution. Initially, they located a firearm in a purse containing documents with TAYLOR's identifiers, a pistol in the main bedroom, and a large safe.

18. Law enforcement pried open the large safe and observed multiple firearms and suspected explosives. They suspended the search and submitted an amended search warrant to permit the seizure of firearms and explosive devices. The amended warrant was granted.

19. The Farmington Bomb Squad was deployed due to the observation of possible explosive devices and the search warrant was halted for safety concerns.

20. The following items of evidentiary value were located and seized from the following locations within the residence:

**Explosives**

- o Ten sticks Atlas brand 40% gelatin dynamite: big safe
- o Ten non-electric blasting caps: big safe
- o Five electric blasting caps: big safe
- o One hand grenade: big safe
- o One M type device: big safe

**Firearms**

- o Springfield Armory XDS 9mm (SN: BA590709); round in chamber / 8 rounds in magazine: main bedroom on right nightstand
- o Taurus G3C 9mm (SN: Scraped off); no round in chamber / 12 rounds in magazine: purse of TAYLOR
- o Taurus PT840 .40cal (SN:SHP29510); 15 rounds full magazine: big safe
- o Shotgun barrel: big safe
- o Sportsman revolver .22 LR (SN: AX173821); 9 rounds in cylinder: big safe

5

o Colt .38cal Agent Special (SN: H62204); empty: big safe

o Taurus PT9 .40cal (SN: SD081490); 9rounds in magazine: big safe

o American Tactical FXS-9 9mm (SN: TF674-22A07170); 14 rounds partial magazine: big safe

o Colt .38cal Detective Special (SN: F54273); 6 rounds in cylinder: big safe

o Colt .38cal Detective Special (SN: G21452); 6 rounds in cylinder: big safe

o Taurus DX4 9mm (SN: GC57407); mounted suppressor, round chambered, 10 rounds in magazine: big safe

o Springfield Armory XDS .45cal (SN: XS515755), round chambered: big safe

o Smith & Wesson 9mm (SN: FDD7473); round chambered, 12 rounds loaded magazine: big safe

o Ruger Super Red Hawk .44magnum (SN: Scraped off); partial cylinder 5rounds: big safe

o American Tactical .223 (SN: Scraped off); mounted suppressor: big safe

o Savage Axis .30-06 (SN: not found); loaded magazine: big safe

o Marlin 336W 30-30 (SN: 94017609): big safe

o 189 rounds of .223 ammunition: big safe

o 1 round .44mag ammunition: big safe

o 132 rounds 9mm ammunition: big safe

o 172 rounds .45cal ammunition: big safe

o 2 rounds 30-06 ammunition: big safe

o 20 rounds .45cal "Critical Defense" ammunition: big safe

o 8 different sized 5.56/.223 AR style magazines: big safe

o 4 different sized pistol magazines: big safe

o 1 pistol barrel: big safe

o 1 AR style magazine: bathroom

o 1 - .223 round with the name "Ryan Parrish" carved into the casing: main bedroom

**419grams total gross weight TruNarc tested methamphetamine**

o 413g total gross weight TruNarc tested methamphetamine: big safe

o 4g total gross weight TruNarc tested methamphetamine: main bedroom left nightstand

o 2g total gross weight TruNarc tested methamphetamine: small black safe in purse of TAYLOR

**463grams total gross weight suspected Fentanyl pills**

o 112g total gross weight suspected Fentanyl pills: small black safe in big safe

o 112g total gross weight suspected Fentanyl pills: small black safe in big safe

o 112g total gross weight suspected Fentanyl pills: small black safe in big safe

o 111g total gross weight suspected Fentanyl pills: small black safe in big safe

o 16g total gross weight suspected Fentanyl pills: small black safe in purse

**$6,000 USD currency**

o 25 each - $100 bills: small black safe in big safe

o 9 each - $50 bills: small black safe in big safe

o 141 each - $20 bills: small black safe in big safe

o 16 each - $10 bills: small black safe in big safe

o 14 each - $5 bills: small black safe in big safe

## CONTROLLED SUBSTANCES

21. The suspected methamphetamine and fentanyl tested presumptively positive for the presence of their respective controlled substance.

7

22.     Based on my training and experience, 463 grams of fentanyl and 419 grams of a mixture and substance containing methamphetamine, are consistent with distribution rather than possession amounts. Furthermore, bulk currency is frequently an indicator of narcotics distribution since most sales are conducted in cash.

23.     Based on my training and experience, drug dealers frequently use firearms to collect debts, protect their product, and exchange for supply. Accordingly, the firearms discovered at the residence were possessed in furtherance of drug trafficking.

### FIREARM EXAMINATION AND INTERSTATE NEXUS

24.     Based on my training and experience, I know that Springfield Armory XDS pistols are manufactured in Karlovac, Croatia and imported into the Unites States by Springfield Armory. Taurus pistols are manufactured in Bainbridge, Georgia. H&R Sportsman's revolvers were manufactured in Worchester, Massachusetts. American Tactical is a firearms manufacturer and importer out of Summerville, South Carolina. Colt revolvers are manufactured in Hartford, Connecticut. Ruger revolvers are manufactured in Newport, New Hampshire, Prescot, Arizona and Mayodan, North Carolina. Savage rifles are manufactured in Westfield, Massachusetts, and Marlin Co. rifles are manufactured in Maddison, North Carolina. I believe all the specified firearms were manufactured outside the State of New Mexico. I believe all the specified firearms meets the definition of a "firearm". Based on my training and experience, I believe all the firearms and ammunition traveled in interstate and/or foreign commerce.

### CONCLUSION

25.     Based on the information provided in this affidavit, your affiant submits there is probable cause to believe that Derek BARR and Noel TAYLOR violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) possession with intent to distribute 400 grams and more of fentanyl; 18 U.S.C. § 2,

8

aiding and abetting, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, U.S.C. § 2, aiding and abetting, 21 U.S.C. § 846 conspiracy, 18 U.S.C. § 922(g)(1) being a felon in possession of a firearm, and 18 U.S.C. § 924(c) possession of a firearm in furtherance of a drug trafficking crime, on or about August 9, 2023.

26.     Assistant United States Attorney Joseph Spindle, United States Attorney's Office, District of New Mexico, reviewed and approved this complaint.

Respectfully submitted,

*J. Hardy* (signature)

Lorraine Hardy
Special Agent
Federal Bureau of Investigation
Farmington, New Mexico

Subscribed and sworn to
Before me this __25__ day
of August_____ 2023.

*B. Paul Briones* (signature)

The Honorable B. PAUL BRIONES
United States Magistrate Judge

9